UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JAVIC LLC,

       Plaintiff,

    -against-

CORWOOD LABORATORIES, INC., THALER
REALTY GROUP LLC, LORI-LYNN REALTY,
LLC, IRWIN CORWOOD THALER, AND LORI
THALER-COHEN,

       Defendants.

-------------------------------------------------------------X

Civil Action No.:
09-4306(JS)(ETB)

## MEMORANDUM OF LAW IN SUPPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12 (b) (6)

    Respectfully submitted,

    RIVKIN RADLER LLP
    Attorneys for Defendants
    CORWOOD LABORATORIES, INC.,
    THALER REALTY GROUP LLC, LORI-
    LYNN REALTY, LLC, IRWIN THALER,
    AND LORI THALER-COHEN
    926 RXR Plaza
    Uniondale, New York 11556-0926
    (516) 357-3000

Of Counsel:
  Michael A. Troisi
  Merril S. Biscone
  Michael P. Welch

## PRELIMINARY STATEMENT

Defendants, Corwood Laboratories, Inc. Thaler Realty Group LLC, Lori-Lynn Realty, LLC, Irwin Thaler, and Lori Thaler-Cohen (collectively "the Defendants"), respectfully submit this Memorandum of Law in support of their motion, pursuant to Fed.R.Civ.P. 12 (b)(6), for judgment on the pleadings seeking the summary dismissal, with prejudice, of the Complaint of the Plaintiff Javic LLC ("Plaintiff"), that seeks relief against the Defendants. A copy of Plaintiff's Complaint is attached to the accompanying Affirmation of Michael A. Troisi, dated November 25, 2009, at Exhibit "A".

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and Defendant Corwood Laboratories, Inc. ("Corwood Labs") have conducted business together. A dispute arose between these two parties as to, inter alia, specific amounts due and owing by Corwood Labs to the Plaintiff. Plaintiff thereafter commenced the instant action against Corwood Labs, in addition to Thaler Realty Group LLC, Lori-Lynn Realty, LLC, Irwin Thaler, and Lori Thaler-Cohen (collectively "the Thaler Defendants") seeking to impose liability upon the Thaler Defendants upon an "alter-ego" theory of liability. Stated otherwise, in addition to imposing liability upon Corwood Labs, Plaintiff is seeking to "pierce the corporate veil" of Corwood Labs, and impose liability upon

2

the Thaler Defendants although they did not conduct business with the Plaintiff and had no independent relationship with Plaintiff. As will be set forth below, the Plaintiff failed to satisfy its very heavy burden of establishing entitlement to the extraordinary remedy of piercing the corporate veil and, as such, all claims against the Defendants must be dismissed as a matter of law.

## LEGAL ARGUMENT

### POINT I

**THE COMPLAINT FAILS TO STATE A CLAIM TO PIERCE THE CORPORATE VEIL OR ESTABLISH ALTER EGO LIABILITY AND MUST BE DISMISSED AS A MATTER OF LAW**

In its complaint, Plaintiff seeks to "pierce the corporate veil" of Defendant Corwood Labs and assert a claim against the Thaler Defendants based on the theory that Corwood Labs and the Thaler Defendants are "alter-egos" of one another. Because Plaintiff's allegations are insufficient to meet its heavy burden of overcoming the "presumption of separateness" of the related corporations, the portion of the Complaint that seeks recovery based on piercing the corporate veil or alter ego liability must be dismissed as a matter of law pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") §12 (b)(6).

In considering a motion pursuant to Fed.R.Civ.P. §12 (b)(6), a court should construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor". Chambers v. Time Warner, Inc., 282 F3d 147, 152 (2nd Cir 2002). However, mere conclusions of law or unwarranted deductions need not be accepted. First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2nd Cir. 1994). Dismissal is appropriate where it appears beyond a doubt that the plaintiff can

4

prove no set of facts which would entitle him or her to relief. <u>Sweet v. Sheahan,</u> 235 F.3d 80, 83 (2nd Cir 2000). Additionally, a complaint should be dismissed under Fed.R.Civ.P. §12 (b)(6) if the court finds that the plaintiff's claims are barred as a matter of law. <u>Conopco, Inc. v. Roll Intern</u>, 231 F.3d 82, 86 (2nd Cir 2000). While a complaint attacked by a Rule §12(b)(6) motion to dismiss need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Playwell Toy, Inc. v. Bureau Veritas Consumer Prod</u>, 2007 U.S. Dist. LEXIS 72874 (W.D.N.Y. Sept 28, 2007).

The general rule in New York is that a corporation exists independently of its owners, who are not personally liable for its obligations, and that individuals may incorporate for the express purpose of limiting their liability. <u>Bartle v. Home Owners Coop</u>, 309 N.Y. 103 (1955). The concept of piercing the corporate veil is an exception to this general rule, permitting, in certain circumstances, the imposition of personal liability on owners for the obligation of their corporation. <u>Matter of Morris v. New York State Dept of Taxation & Fin.</u>, 82 N.Y.2d 135, 603 N.Y.S.2d 807 (1993). Courts are reluctant to disregard the separate existence of related corporations by piercing the corporate veil and have consistently given substantial weight to the "presumption of separateness." <u>See,</u>

e.g., <u>Crown Central Petroleum v. Cosmopolitan Shipping Co.</u>, 602 F.2d 474 (2nd
Cir 1979). Veil piercing in the contract context is especially infrequent because
the party seeking relief "is presumed to have voluntarily and knowingly entered
into an agreement with a corporate entity, and is expected to suffer the
consequences of limited liability associated with the business form." <u>Klein & Son,
Inc. v. Good Decision, Inc.</u>, 147 Fed. Appx. 195, 198 (2nd Cir. 2005).

A plaintiff bears the burden of proving, as a matter of law, that a
defendant's corporate veil should be pierced. <u>Team Air Express, Inc. v. A. Heffco
Techs., Inc.</u>, 2008 U.S. Dist. LEXIS 59892 (E.D.N.Y. Aug 6, 2008). Because it is
legitimate to incorporate to avoid personal liability, plaintiffs seeking to pierce the
corporate veil on an alter ego theory bear a "heavy burden" in showing that
defendants have perverted the privilege of doing business in a corporate form.
<u>See</u>, <u>Physicians Mutual Insurance Company and Physicians Life Insurance
Company v. Greystone Servicing Corporation</u>, 2009 US Dist. LEXIS 32616
(S.D.N.Y. March 25, 2009). Further, a court will ordinarily disregard the
corporate structure and pierce the corporate veil, "only under exceptional
circumstances, for example, where the corporation is a mere shell, serving no
legitimate purpose, and used primarily as an intermediary to perpetuate fraud or
promote injustice". <u>Wells Fargo Bank, N.A. v. Konover</u>, 2008 U.S. Dist. LEXIS
21506 (D.Conn. March 20, 2008). The Second Circuit has also observed that

where, as here, the case involves a small privately held corporation, "the trappings of sophisticated corporate life are rarely present." William Wrigley, 890 F.2d 594, at 601 (2nd Cir. 1989).

Under New York Law, a party seeking to pierce the corporate veil must establish two separate things: (1) the owners exercised complete domination and control of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury. See, American Fuel Corp. v. Utah Energy Dev. Co., 122 F.3d 130 (2nd Cir. 1997); Kashfi v. Phibro-Salomon, Inc., 628 F.Supp., 727 (S.D.N.Y 1986). A plaintiff seeking to pierce the corporate veil must demonstrate that a court in equity should intervene because the owners of the corporation exercised complete domination over it in the transaction at issue and, in doing so, abused the privilege of doing business in the corporate form, thereby perpetrating a wrong that resulted in injury to the plaintiff. See, Fantazia International Corp. v. CPL Furs, ___ A.D.2d ___, ___ N.Y.S.2d___, 2009 N.Y. App. Div. LEXIS 8013, (1st Dep't November 12, 2009).

Keeping in mind a plaintiff's "heavy burden" of establishing that defendants have perverted the privilege of doing business in a corporate form, together with the fact that a court will ordinarily disregard the corporate structure and pierce the corporate veil, "only under exceptional circumstances", it is clear

7

that the causes of action which seek to pierce the corporate veil or impose alter ego liability should be dismissed as a matter of law. First, even a cursory review of the complaint reveals that the Plaintiff at bar failed to include allegations demonstrating that the Thaler Defendants exercised complete domination over Corwood Labs in connection with the transaction at issue. Plaintiff does not, and in fact cannot, allege that Corwood Labs served no legitimate purpose and was a mere "shell" used to perpetuate fraud or promote injustice. Additionally, Plaintiff failed to even include any allegations that the Thaler Defendants used any such domination to commit any wrongdoing against the Plaintiff. In fact, the only "wrongdoing" Plaintiff alleged, was the breach of contract itself, which has been found to be insufficient to impose alter ego liability. Under the circumstances here, which involve a small, privately held corporation, Plaintiff's attempt to pierce the corporate veil should be rejected by this Court and all claims against the Defendants should be dismissed as a matter of law.

### (i)    Plaintiff Failed to Allege Sufficient Facts To Support A Claim of Domination and Control Required For Piercing A Corporate Veil

In its "bare bones" complaint, Plaintiff included the following allegations in an attempt to pierce the corporate veil of Corwood Labs:

> 15.    Corwood and the other defendants are all alter-egos of one another, in that those entities and individuals have not maintained and respected the corporate form of the entities, have co-mingled funds

8

and obligations between the entities, and have utilized the purported assets and resources of the entities to the benefit and advantage of the individual defendants.

16.    Specifically, Corwood has withheld payments to plaintiff and other creditors, and has used the funds that should have been paid to those creditors to make mortgage payments and satisfy other obligations of Thaler Realty and Lori-Lynn Realty, which nominally own the buildings out of which Corwood conducts its business.

17.    Moreover, Mr. Thaler is the sole known officer, director, or member of Corwood and Thaler Realty, and conducts the business of those entities as if they were merely extensions of his own financial interests.   Mr. Thaler draws upon the funds and resources of those entities for his own use and benefits as if the entities were his own personal "piggy bank".

18.    Ms. Thaler-Cohen is Mr. Thaler's daughter, and is nominally in control of Lori-Lynn Realty.   However, Ms. Thaler-Cohen has surrendered practical control of that entity to Mr. Thaler, who pays its obligations out of Corwood's funds, and who uses Lori-Lynn Realty for his personal gain and to mask the lack of any separate corporate identity for Corwood.

19.    Plaintiff respectfully asks the Court to make plaintiff whole for the damages caused by Corwood's failure to honor its obligations to plaintiff, both by finding Corwood liable for breach of contract, and by finding the other defendants jointly and severally liable by virtue of their standing as alter egos of Corwood.

See, Exhibit "A", to Declaration of Michael A. Troisi.

A review of these allegations together with the relevant case law establishes that they are simply not sufficient to warrant the piercing of the corporate veil.

9

In determining whether a plaintiff alleged sufficient facts to support a claim of domination and control for piercing the corporate veil, New York courts consider a variety of factors, including:

> (1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, *i.e.,* issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arms length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own.

DER Travel Servs. V. Dream Tours & Adventures, Inc. 2005 US Dist. LEXIS 25861 (S.D.N.Y. Oct 28, 2005); Passalacqua Builders v. Resnick Developers South, Inc., 933 F.2d 131, 1991 US App LEXIS 9884 (2nd Cir. 1991).

Further, it is important to note that Courts do recognize in piercing the corporate veil of small, privately-held corporations, "the trappings of sophisticated corporate life are rarely present and we must avoid an over-rigid preoccupation with questions of structure, financial and accounting sophistication or dividend policy or history." Bridgestone/Firestone v. Recovery Serves., 98 F.3d 13, 17 (2d Cir 1996). Thus, although there is no mechanical rule as to how many and to what

effect the factors outlined above must be present to pierce the corporate veil, the Courts apply the principle that liability is imposed to reach an equitable result. <u>See</u>, <u>Bridgestone</u>, <u>supra</u>.

Here, in an attempt to pierce the corporate veil, the Plaintiff did not satisfy its heavy burden of alleging any of the foregoing factors. Indeed, a review of the complaint reveals unsupported, conclusory allegations that Corwood Labs and some of the Thaler Defendants enjoy common ownership and/or leadership and may share ownership of specific real estate. The foregoing cases establish that actual domination, rather than the opportunity to exercise control, must be shown. Corporate ownership of a subsidiary and shared officers and overlapping personnel are clearly insufficient to establish the type of day-to-day control necessary to disregard corporate separateness. The factors which Plaintiff here relies upon in the hopes of piercing of the corporate veil -- i.e. controlling ownership in subsidiaries, overlapping personnel and shared officers, are clearly common place as generally accepted corporate form, and are insufficient, without more, to eviscerate the presumption of corporate separateness.

Supportive of the Defendants' position is <u>Kalin v. Xanboo, Inc.</u> 526 F. Supp.2d 392 (S.D.N.Y. 2007). There, the plaintiff sought to pierce the corporate veil and included allegations in the complaint that the two corporations were interrelated companies, shared substantively the same owners, shared the same

office location, were mere departments of each other and possessed or continued to possess substantial shares of stock ownership of each other. Specifically, the plaintiff alleged that the two companies were "interrelated and have close enough ties to allow them to be considered the same company for purposes of this litigation." The defendant moved to dismiss the portion of the complaint which sought to pierce the corporate veil.

The District Court granted the defendant's motion concluding that the allegations in the complaint were insufficient to pierce the corporate veil. The Court found dispositive the fact that the plaintiff did not plead facts showing that the one corporation dominated the other. Further, the Court noted that it was even less clear that one corporation used any alleged domination to commit any fraud or wrongdoing. The Court pointed out that the only connection between the corporations that plaintiff alleged, were common ownership, common office address and common principals. The Court concluded that even if these facts were assumed to be true, these facts were insufficient to pierce the corporate veil and consider the corporations the same entity for the purposes of a motion to dismiss. 526 F.Supp.2d 392.

The Plaintiff's allegations at bar are similarly insufficient to warrant the piercing of a corporate veil. The Plaintiff here remains unable to allege or plead facts showing that any of the Thaler Defendants dominated Corwood Labs.

Here, just as in <u>Kalin</u>, the Plaintiff does not even plead that the Thaler Defendants used any alleged domination to commit any fraud or wrongdoing against Plaintiff, other than the breach of the contract at issue. Plaintiff doesn't even allege undercapitalization of Corwood Labs. <u>See also</u> <u>In Re Currency Conversion Fee Antitrust Litig</u>, 265 F.Supp.2d 385 (S.D.N.Y 2003) (where defendants' motion to dismiss complaint was granted on the grounds that plaintiff merely alleged that defendant company exercised dominion and control over its subsidiaries and was therefore liable for subsidiaries' acts as a matter of law. The Court found such allegations were conclusory); <u>EED Holdings v. Palmer Johnson Acquisition Corp.</u>, 228 F.R.D. 508 (S.D.N.Y 2005) (Court dismissed plaintiff's veil-piercing claims as conclusory where plaintiff's claims were based solely upon the under capitalization of corporation and other vague allegations of control).

In <u>Physicians Mutual Insurance Company v. Greystone Servicing</u>, <u>supra</u>, the plaintiff included allegations of breach of contract against individual defendants who were not parties to a contract with plaintiff on the basis that they were the "alter ego" of the corporation who was the actual party to the contract. Defendants moved to dismiss the complaint for failure to state a cause of action. The Court agreed with the individual defendants and dismissed the complaint as against them. The Court found dispositive the fact that plaintiff failed to alleged that the corporation was "controlled and dominated" by the individual defendants

or that the individual defendants had no existence of its own. The Court concluded that allegations of shared common ownership and senior management responsibility did not reach this requisite threshold. Further, the Court found persuasive the fact that the complaint makes no reference to other factors typically considered by courts imposing liability under an alter ego theory such as absence of formalities in corporate decision making or inadequate capitalization. Thus, the Court concluded that plaintiff's allegations fail to plead the "control and domination" necessary to justify disregarding the corporate status and the complaint against the individual defendants was dismissed.

Similarly, in Kashfi, supra, the complaint was dismissed against a corporation's subsidiary based upon the fact that the plaintiff's allegations were insufficient to pierce the corporate veil. Initially, the Court held that to satisfy the element of control and dominion, a plaintiff must show that the corporation used the subsidiary's corporate existence to perpetrate a fraud that resulted in an unjust loss to the plaintiff if the corporate veil was not pierced. The Court concluded that the plaintiff failed to adduce any evidence that would justify piercing the corporate veil. The Court noted that in order to warrant the piercing of the corporate veil, any control exerted by the parent corporation must be "extensive". It is not enough that related corporations have the same officers and directors or that a parent corporation owns all of its subsidiary's stock or even that the subsidiary holds

themselves out of being a single integrated operation controlled and managed from the parent corporation's offices. Instead, a plaintiff must allege that a domination of the finances, policies and business practices of the subsidiary to such an extent that the subsidiary had no separate existence of its own. Thus, the Court concluded:

> Viewing the evidence in the light most favorable to the plaintiff as the nonmoving party, the Court concludes that the evidence presented by the plaintiff - - when considered in conjunction with the undisputed facts, and absent any indication of fraud - - is insufficient as a matter of law to support a claim against (corporation) under the doctrine of piercing the corporate veil.

628 F.Supp. at 735.

The same result is clearly warranted at bar where Plaintiff's allegations are equally as lacking. Plaintiff failed to adequately plead any control exerted by the Thaler Defendants, let alone "extensive" control. The meaningless allegations in the Complaint that the officers and directors of the Thaler Defendants and Corwood Labs are the same, or the empty claims that these two entities "co-mingle" funds, are simply insufficient. Indeed, it is not enough that related corporations have the same officers and directors or that the parent corporation owns all of its subsidiary's stock or even that the subsidiary holds itself out as being a single integrated operation controlled and managed from the parent corporation's offices. Plaintiff remains unable to allege that the Thaler

Defendants and Corwood Labs held themselves out as being a single integrated operation so that they had no separate existence of their own. See also, Fantazia International Corp., supra. (insufficient evidence of dominion and control where corporation kept separate bank accounts, were incorporated at different times for legitimate business purposes, filed separate tax returns, substantially complied with corporate formalities and where there was no evidence that the subsidiary was undercapitalized. The fact that the president of one corporation was also a board member and consultant to other corporation, was insufficient to support a claim of domination).

Thus, in light of the foregoing, it is clear that the allegations contained in Plaintiff's Complaint are insufficient to establish extensive domination and control over Corwood Labs by the Thaler Defendants. As a result, dismissal of the Complaint is warranted.

**(ii)    Plaintiff Failed to Allege Sufficient Facts To Support A Claim of Fraud Or Wrongdoing Required For Piercing A Corporate Veil**

The second prong which a court must look to in determining whether to pierce the corporate veil is whether the plaintiff sufficiently alleged, through its domination and control of the subsidiary, that the parent is perpetrating a fraud or wrongdoing and that such fraud or wrongdoing was the proximate cause of the

16

injury complained of. See, New York State Teamsters Conference Pension and
Retirement Fund v. HOH, 554 F. Supp. 519 (N.D.N.Y. 1982). An allegation of
domination and control is not, standing alone, sufficient to state a cause of action
for personal liability against a corporate owner. Were that so, then virtually every
cause of action brought against a corporation that is wholly or principally owned
by an individual conducting corporate affairs, could be extended ipso facto to the
owner personally. Morris v. New York State, supra.

   For this logical reason, a sufficient complaint for piercing the
corporate veil must also contain allegations that the owners, through their
domination and control, abused the privilege of doing business in the corporate
form to perpetrate a wrong or injustice such that a court in equity will intervene.
Morris, supra. Importantly, the fraud or wrong element is not satisfied merely by
showing that the controlling party breached its contract. DER Travel Servs., supra,
2005 U.S. Dist. LEXIS 25861.

   A bald allegation that a corporation "exerts influence and control"
over the corporate decisions of its wholly owned subsidiary is not sufficient to
sustain a claim against the parent corporation. Posner v. Merrill, Lynch, Pierce,
Fenner & Smith, 469 F. Supp. 972, 985 (S.D.N.Y. 1979). In other words, for a
viable claim to exist, sufficient allegations of fraud must be present to justify
piercing the corporate veil. Without a finding that the domination occurred for the

purpose of committing a wrong, and that the wrong caused harm to the plaintiff, the court cannot pierce the corporate veil regardless of the level of domination. Portfolio Consult, GmbH v. Merlin Biomed Group, LLC, 268 F.3d 58 (2d Cir. 2001); EED Holdings, supra.

A review of the allegations contained in the Plaintiff's Complaint at bar, reveals that they are insufficient to establish that Corwood Labs abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice such that a court in equity should intervene. The only "wrong" that Plaintiff even alleged, was the breach of contract itself, which is clearly not sufficient to pierce the corporate veil. DER Travel Servs., supra. The following cases support the Thaler Defendants' position in this regard.

In Alter v. Bogorician, 1997 U.S. Dist. LEXIS 17369 (S.D.N.Y. Nov 4, 1997), plaintiff commenced an action against the defendant for breach of contract and sought to pierce the corporate veil against a subsidiary on the basis that the subsidiary was the "alter ego" of the other corporation. The defendant moved, pursuant to Fed.R.Civ.P.12 (b)(6) to dismiss the complaint against the subsidiary. The Court granted defendant's motion finding that plaintiff failed to satisfy either of the requisite prongs necessary to pierce a corporate veil. In connection with the element of fraud or wrongdoing, the Court noted that a plaintiff must allege facts sufficient to establish that defendants "misused the

corporate form for their personal ends so as to commit a wrong or injustice against him". In other words, the plaintiff must establish a relationship between the alleged wrong against him and defendants' alleged abuse of the corporate form. The Court concluded that plaintiff failed to assert facts that would establish such a relationship.

The Court found persuasive the fact that the complaint demonstrated only that plaintiff entered into a contract with a closely held corporation which was controlled by one or more equity owners who made decisions for the other corporation. The Court found that this was insufficient since the plaintiff could not demonstrate that any wrong allegedly committed against him, or the breach of contract, was related to any misuse of the corporate form.

The same result is surely warranted at bar. Here, the only "wrong" included in the Plaintiff's allegations, was that Corwood Labs breached its contract by withholding payments to Plaintiff and has used specific funds that should have been paid to Plaintiff to satisfy other obligations of the Thaler Defendants. This allegation, standing alone, simply cannot serve to demonstrate a relationship between any breach by Corwood Labs and any purported abuse of the corporate form. See also, Giordano v. Thomson, 438 F.Supp.2d 35 (E.D.N.Y. 2005) aff'd 564 F.3d 163 (2d Cir. 2009) (Court held that plaintiff cannot hold defendant liable on alter ego grounds since the evidence presented did not demonstrate that any

damage resulted from misuse of the corporate form); <u>East Hampton Union Free School v. Sandpebble Builders</u>, ___ A.D.___, 884 N.Y.S.2d 94 (2nd Dep't 2009) (where Court held that for a complaint to state a cause of action for piercing the corporate veil, the plaintiff cannot rely upon vague or conclusory allegations that the individual defendant abused the corporate form, but must instead, articulate actual conduct by the individual that creates a nexus between it and the "transactions or occurrences" of the complaint); <u>Zinaman v. USTS New York</u>, 798 F.Supp. 128 (S.D.N.Y. 1992) (even assuming that plaintiff pled the requisite control and domination, he failed to allege that defendant used this control and domination to commit a fraud or legal wrong. Plaintiff merely asserted that the corporation participated in and "caused" the subsidiary to take actions which caused his damages. Court held that these allegations were insufficient); <u>Care Environmental Corp. v. M2 Technologies, Inc.</u>, 2006 US Dist. LEXIS 2934 (E.D.N.Y. Jan 15, 2006) (no finding of either element sufficient to pierce corporate veil and complaint was dismissed as a matter of law pursuant to Fed.R.Civ.P. 12 (b)(6)).

In <u>Teamsters</u>, supra, plaintiff alleged that the corporate veil should be pierced in order to include a claim against a parent corporation. The Court disagreed. Initially, the Court held that "control" of a subsidiary in and of itself, absent a showing of an intent to defraud a third party or to avoid liability, is

insufficient to overcome the presumption of corporate separateness. The Court concluded:

> A bald allegation that a corporation exerts influence and control over the corporate decisions of its wholly owned subsidiary is not sufficient to sustain a claim against the parent corporation. In other words, for a viable claim to exist, sufficient allegations of fraud must be present to justify piercing the corporate veil.

554 F.Supp at 519. citations omitted.

Here, absent from the complaint are any allegations of fraud or wrongdoing stemming from any alleged control of Corwood Labs by the Thaler Defendants.

In Kashfi, supra, the Court found the plaintiff failed to include sufficient allegations in its complaint to warrant the piercing of a corporate veil. In connection with the element of fraud or wrongdoing, the Court held that a plaintiff must show that the corporation used the subsidiary's corporate existence to perpetrate a fraud that resulted in an unjust loss to the plaintiff if the corporate veil is not pierced; See also, Noto v. Cia Secula di Armanento, 310 F.Supp. 639, 647 (S.D.N.Y. 1970) ("where as here, the solvency of the subsidiaries is unquestioned, where the outward indicia of corporate form have been carefully maintained and where the corporate form has not been used to defraud, there is no equitable reason whatsoever to pierce the corporate veil"); TNS Holdings Inc. v. MKI Sec. Corp., 92 N.Y.2d 335, 680 N.Y.S.2d 891 (1998) (dismissing alter ego claim for lack of

showing that through its domination, subsidiary misused the corporate form for its personal ends so as to commit a fraud or wrongdoing or avoid any of its obligations); <u>Morris v. State Dep't of Taxation & Fin.</u>, supra (dismissing petition to pierce corporate veil, citing lack of evidence that petitioner, through his domination, misused the corporate form for his personal ends so as to commit a wrong or injustice ).

Thus, a careful review of the allegations in the Plaintiff's Complaint reveals that piercing the corporate veil is not warranted under these circumstances and, as such, the complaint must be dismissed.

Furthermore, the second cause of action must be dismissed inasmuch as no independent claim lies for alter ego liability. <u>See</u>, <u>Cordius Trust v. Kummerfeld</u>, 153 Fed. Appx. 761 (2nd Cir 2005); <u>Carruthers v. Flaum</u>, 365 F. Supp. 2d 448 (S.D.N.Y. 2005); <u>Morris v. State Dep't of Taxation & Fin.</u>, 82 N.Y.2d 135 (1993); <u>Fiber Consultants, Inc. v. Fiber Optek Interconnect Corp.</u>, 15 A.D.3d 528 (2nd Dep't 2005) (all dismissing separate cause of action to pierce the corporate veil because New York does not recognize an independent claim for alter-ego liability).

Accordingly, the Second Cause of Action must be dismissed as to all Thaler Defendants.

## CONCLUSION

For the foregoing reasons, the entire Complaint should be dismissed,

as a matter of law, with prejudice.

Dated:      Uniondale, New York
            November 30, 2009


                              Respectfully submitted,


                              RIVKIN RADLER LLP
                              Attorneys for Defendants CORWOOD
                              LABORATORIES, INC., THALER REALTY
                              GROUP LLC, LORI-LYNN REALTY, LLC,
                              IRWIN THALER, AND LORI THALER-COHEN

                        By:  _____s/_____
                              Michael A. Troisi (MAT-2002)
                              Merril S. Biscone
                              Michael P. Welch
                              926 RXR Plaza
                              Uniondale, New York  11556-0926
                              (516) 357-3000


2313030 v1